```
          FILED    ___/___ LODGED
___ RECEIVED  ___ COPY

        JUL 1 8 2016

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
BY_____ DEPUTY
```

1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona
   MARGARET PERLMETER
3  Assistant U.S. Attorney
   Arizona State Bar No. 024805
4  Two Renaissance Square
   40 N. Central Ave., Suite 1200
5  Phoenix, Arizona 85004
   Telephone: 602-514-7500
6  Email: Margaret.Perlmeter@usdoj.gov

7              IN THE UNITED STATES DISTRICT COURT

8                 FOR THE DISTRICT OF ARIZONA

9
   United States of America,
10
                      Plaintiff,
11                                          **Mag. No. 16-6275 MJ**
        v.
12                                          **PLEA AGREEMENT**

13  Thason Thanh Kennedy

14                     Defendant.

15      The United States of America and the defendant hereby agree to the following

16  disposition of this matter:

17                              **PLEA**

18      The defendant will plead guilty to Count 2 of the Complaint charging the

19  defendant with a violation of 8 U.S.C. § 1325(a)(2) and 18 U.S.C. § 2, Aiding and

20  Abetting an Alien to Elude the Examination and Inspection of Immigration Officers of

21  the United States, a class B misdemeanor offense.

22  1.   **MAXIMUM PENALTIES**

23      A violation of 8 U.S.C. § 1325(a)(2) and 18 U.S. C. § 2 is punishable by a

24  maximum fine of $5,000.00, a maximum term of imprisonment of 6 months, or both.

25      Pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii), the Court is required to order the

26  defendant to pay a $10 special assessment.

27  //

28  //

**2.    AGREEMENTS REGARDING SENTENCING**

a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the sentence imposed upon the defendant shall be 180 days of imprisonment.

b.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss Count One of the Complaint charging a violation of 8 U.S.C. § 1324(a)(1)(A)(ii), Illegal Transportation of an Alien. In addition, this office will not prosecute the defendant for any additional offenses committed by the defendant, and known by the government, which are detailed in the discovery released to the defendant and in the factual basis of this agreement which relate to violations of 8 U.S.C. § 1324(a)(1)(A)(ii), Illegal Transportation of an Alien, a class D felony offense punishable by up to five years of imprisonment. This agreement does <u>not</u>, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

c.    Waiver of Presentence Investigation Report. The United States and the defendant waive a presentence investigation report but request that sentencing be deferred so that Defendant may complete residential drug treatment at Crossroads, or another facility as designated by Pre-Trial Services. Defendant agrees to return to the custody of the U.S. Marshals Services upon completion of the inpatient program at Crossroads.

**3.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge, and any charges that have been dismissed because of this plea agreement shall automatically be reinstated.

In such event, the defendant waives any and all objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding pursuant to the limitations of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

**4.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives: (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**5.    PERJURY AND OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, or evidence the defendant provides to the United

- 3 -

1   States pursuant to this agreement, or to the Court, may be used against the defendant in
2   all such prosecutions.

3   **6.    EFFECT ON OTHER PROCEEDINGS**

4       This agreement does not preclude the United States from instituting any civil or
5   administrative proceedings as may be appropriate now or in the future.

6                    **DEFENDANT'S APPROVAL AND ACCEPTANCE**

7       I have read the entire plea agreement with the assistance of counsel and
8   understand each of its provisions.

9       I have discussed the case and my constitutional and other rights with my attorney.
10  I understand that by entering my plea of guilty I will be giving up my rights to plead not
11  guilty; to have a trial; to confront, cross-examine, and compel the attendance of
12  witnesses; to present evidence in my defense; to remain silent and refuse to be a witness
13  against myself by asserting my privilege against self-incrimination; and to be presumed
14  innocent until proven guilty beyond a reasonable doubt, all with the assistance of counsel.

15      I agree to enter my guilty plea as indicated above on the terms and conditions set
16  forth in this agreement.

17      I have been advised by my attorney of the nature of the charges to which I am
18  entering my guilty plea.  I have further been advised by my attorney of the nature and
19  range of the possible sentence.

20      My guilty plea is not the result of force, threats, assurances or promises other than
21  the promises contained in this agreement.  I agree to the provisions of this agreement as a
22  voluntary act on my part and I agree to be bound according to its provisions.

23      I agree that this written plea agreement contains all the terms and conditions of my
24  plea. I further agree that promises made by anyone (including my attorney) that are not
25  contained within this written plea agreement are null and void and have no force and
26  effect.

27

28

                                        - 4 -

1    I am satisfied that my defense attorney has represented me in a competent manner.

2    I am fully capable of understanding the terms and conditions of this plea

3    agreement. I am not now using or under the influence of any drug, medication, liquor, or

4    other intoxicant or depressant that would impair my ability to fully understand the terms

5    and conditions of this plea agreement.

6    ## ELEMENTS

7    **Aiding and Abetting an Alien to Elude Examination and Inspection**

8    On or about June 25, 2016, in the District of Arizona:

9        1.    Luis Fernando Santos-Cruz and Julian Suarez-Quijada were alien(s);

10       2.    Luis Fernando Santos-Cruz and Julian Suarez-Quijada were not lawfully in

11       the United States;

12       3.    The defendant knew or recklessly disregarded the fact that Luis Fernando

13       Santos-Cruz and Julian Suarez-Quijada were not lawfully in the United

14       States;

15       4.    The defendant knowingly transported Luis Fernando Santos-Cruz and

16       Julian Suarez-Quijada in order to help Luis Fernando Santos-Cruz and

17       Julian Suarez-Quijada elude examination and inspection by immigration

18       officials.

19   ## FACTUAL BASIS

20   I further admit the following facts are true and if this matter were to proceed to

21   trial the United States could prove the following facts beyond a reasonable doubt:

22   On June 25, 2016, I was driving near Casa Grande, in the District of
23   Arizona. The vehicle contained passengers, all of whom were aliens
24   unlawfully in the United States. Luis Fernando Santos-Cruz and Julian
     Suarez-Quijada were among the passengers. I knew my passengers were
25   aliens unlawfully in the United States and I transported them in order to
26   help them elude examination and inspection by Immigration Officials of the
     United States.

27

28

- 5 -

1    I have read this agreement ~~or it has been read to me in Spanish~~, and I have

2    carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily

3    agree to it.

4    7/19/16

5    Date                                      PHASON THANH KENNEDY
                                               Defendant
6

7                    **DEFENSE ATTORNEY'S APPROVAL**

8         I have discussed this case and the plea agreement with my client in detail and have

9    advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

10   constitutional and other rights of an accused, the factual basis for and the nature of the

11   offense to which the guilty plea will be entered, possible defenses, and the consequences

12   of the guilty plea including the maximum statutory sentence possible.  I have discussed

13   the concept of the advisory Sentencing Guidelines with the defendant.  No assurances,

14   promises, or representations that are not contained in this written agreement have been

15   given to me or to the defendant by the United States or any of its representatives.  I have

16   concluded that the entry of the plea as indicated above on the terms and conditions set

17   forth in this agreement are in the best interests of my client.  I agree to make a bona fide

18   effort to ensure that the guilty plea is entered in accordance with all the requirements of

19   Fed. R. Crim. P. 11.

20   7/18/16

21   Date                                      ZACHARY STORRS
                                               Attorney for Defendant
22

23   //

24   //

25   //

26   //

27   //

28

1

## UNITED STATES' APPROVAL

2   I have reviewed this matter and the plea agreement.  I agree on behalf of the

3 United States that the terms and conditions set forth are appropriate and are in the best

4 interests of justice.

5

6                JOHN S. LEONARDO
                 United States Attorney
7                 District of Arizona

8

9 _7/18/16_
  Date

10                MARGARET PERLMETER
                Assistant U.S. Attorney

11

12          ## COURT'S ACCEPTANCE

13

14 Date             United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28